NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0151n.06

No. 12-1916

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 13, 2013**
DEBORAH S. HUNT, Clerk

BARBARA PALMER,

    Plaintiff-Appellant,

v.

SHARON ADAMS, in her individual capacity
and as a Children's Protective Services
employee of the Department of Human
Services,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Barbara Palmer, a pro se Michigan resident, appeals a district court order dismissing her civil rights action filed pursuant to 42 U.S.C. § 1983.

Palmer filed her section 1983 complaint against Sharon Adams, a social worker for the Michigan Department of Human Services (DHS), and two other defendants who were subsequently dismissed from the case. Palmer alleged that, in July 2002, she was appointed guardian of her granddaughter, Kaniyah. On August 11, 2007, DHS removed Kaniyah from Palmer's home following an investigation into allegations that Cory Palmer, Kaniyah's uncle who also lived in Palmer's home, had sexually abused her. Count I of Palmer's complaint alleged that Adams violated her First and Fourteenth Amendment rights by: (1) initiating the sexual-abuse investigation; (2) continuing to

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

pursue the investigation after receiving a medical report showing no evidence of sexual abuse; and (3) "opening a case" and "terminat[ing] [her] guardianship by petitioning the Wayne County Probate Court." In Count III, Palmer asserted that Adams was grossly negligent in carrying out her statutory duty to investigate the abuse allegations. The district court granted summary judgment in Adams's favor and the clerk of court subsequently ordered Palmer to pay $1,696 for court reporter fees incurred by Adams. On appeal, Palmer argues that the district court erred in: (1) granting summary judgment on Count I on absolute and qualified immunity grounds; (2) granting summary judgment on Count III on statutory immunity grounds; and (3) ordering her to pay costs.

The district court's decision is reviewed de novo. *Franklin v. Kellogg Co.*, 619 F.3d 604, 610 (6th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts must be construed in the light most favorable to the non-moving party. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

"[S]ocial workers are absolutely immune only when they are acting in their capacity as *legal advocates* — initiating court actions or testifying under oath — not when they are performing administrative, investigative, or other functions." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). To the extent that Count I of the complaint was based on Adams's initiation of the sexual-abuse investigation and the continuation of that investigation, Adams was not entitled to absolute immunity. *See id.*; *see also Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001). To the extent that Palmer's claim was based on the actual termination of her guardianship rights following the filing of a petition in court, Adams was entitled to absolute immunity. *See Holloway*, 220 F.3d at 775; *Achterhof v. Selvaggio*, 886 F.2d 826, 830 (6th Cir. 1989). Furthermore, any constitutional deprivation resulting from the actual termination of Palmer's guardianship rights and removal of Kaniyah from Palmer's home would have been attributable to actions taken by the family court, rather than actions taken by Adams. *See Pittman v. Cuyahoga Cnty. Dep't of Children*

& *Family Servs.*, 640 F.3d 716, 729 (6th Cir. 2011). Accordingly, summary judgment was properly granted in Adams's favor to the extent that Palmer alleged that the termination of her guardianship rights and removal of Kaniyah violated her constitutional rights.

The district court found that Adams was entitled to qualified immunity to the extent that her challenged actions were investigatory in nature. "A government official performing a discretionary function is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, 636 F.3d 757, 772 (6th Cir. 2011).

Assuming that Palmer had a clearly established constitutional right to familial association with Kaniyah, the mere institution and continuation of an investigation into abuse allegations does not infringe on that right. *See Kottmyer v. Maas*, 436 F.3d 684, 691 (6th Cir. 2006). The district court interpreted Count I of Palmer's complaint to include a substantive due process claim. There are two types of substantive due process claims: "(1) deprivations of a particular constitutional guarantee; and (2) actions that 'shock the conscience.'" *Pittman*, 640 F.3d at 728 (quoting *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997). Palmer failed to establish that Adams's actions shocked the conscience. Her substantive due process claim was premised upon Adams's: (1) failure to interview Corey Palmer and Omega Palmer, Kaniyah's aunt who resided in Palmer's home; (2) failure to consider the results of a medical examination showing that Kaniyah exhibited no physical signs of sexual abuse; and (3) consideration of statements that Kaniyah made during an interview with a therapist who had an on-going therapeutic relationship with her.

These actions are not particularly shocking. Adams did not interview Corey Palmer because she could not locate him, and Adams spoke to Omega Palmer on at least one occasion during the course of her investigation. Palmer herself admitted that she did not provide Adams with the results of the medical examination until the day after Kaniyah was removed from her home. Finally, although

DHS's forensic interviewing protocol provided that forensic interviews should not be conducted by professionals with ongoing therapeutic relationships with a child, the evidence showed that Kaniyah refused to talk with DHS personnel. She asked to see her therapist, Cindy Read, and Read was brought into the room. Read questioned Kaniyah about the abuse allegations and, when Kaniyah began to respond, DHS officials resumed the interview. These actions do not shock the conscience. Because Palmer failed to show that Adams violated her constitutional rights, the district court properly granted summary judgment to Adams on qualified immunity grounds. *See Bishop*, 636 F.3d at 772.

The district court determined that Palmer was entitled to statutory immunity with respect to Palmer's gross negligence claim set forth in Count III of the complaint. Under Michigan law, an "employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the . . . employee . . . while in the course of employment . . ." if: (1) the employee reasonably believed that she was acting within the scope of her authority; (2) the actions occurred during the "exercise or discharge of a governmental function;" and (3) the employee's conduct "does not amount to gross negligence that is the proximate cause of the injury or damage." Mich. Comp. Laws § 691.1407(2). Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(7)(a). Palmer's gross negligence claim was based on the same actions that gave rise to her substantive due process claim. Those actions do not rise to the level of gross negligence. Therefore, the district court properly determined that Adams was entitled to immunity under Michigan law.

Finally, we review the district court's award of costs for an abuse of discretion. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005). No abuse of discretion occurred here because Federal Rule of Civil Procedure 54(d)(1) provides that costs "should be allowed to the prevailing party."

The district court's judgment is affirmed.